UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OSCAR LITO JAOJOCO,<br><br>    Plaintiff,<br><br>  vs.<br><br>CANDY ROCHA, MARCO ROCHA, and DOES 1 to 5, inclusive,<br><br>    Defendants. | Case No: C 10-4560 SBA<br><br>**ORDER REMANDING ACTION** |

On August 12, 2010, Plaintiff Oscar Lito Jaojoco filed an unlawful detainer action against Defendants Candy Rocha and Marco Rocha in San Mateo County Superior Court. Plaintiff allegedly purchased the residence in which Defendants are residing through a judicial foreclosure sale. On October 8, 2010, Defendants, who are acting pro se, filed a notice of removal. Though no federal claims are alleged in the pleadings, Defendants predicate the removal on the basis of diversity jurisdiction.

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court sua sponte). The federal removal statute permits the removal of an action which could have been brought originally in federal court. See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999). A district court must remand a case to state court "if at any time before the final judgment it appears that the district

1  court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium
2  Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir.2003) ("[W]e have held
3  that the district court must remand if it lacks jurisdiction") (citing Sparta Surgical Corp. v.
4  Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)).

5       District courts have diversity jurisdiction over all civil actions "where the matter in
6  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
7  between ... citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is
8  determined by the amount of damages or the value of the property that is the subject matter of
9  the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 433 (1977). The
10 diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction.
11 Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983). Because the
12 citizenship of the parties is a jurisdictional fact in diversity actions, the burden is on the
13 plaintiff--the party invoking federal jurisdiction--to plead and prove such facts. Bautista v. Pan
14 American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

15      Here, both the Complaint and the Notice of Removal are silent as to the citizenship of
16 Plaintiff and Defendants. In addition, Defendants have not alleged facts to establish that the
17 minimum amount is in controversy. The damages sought in the Complaint consist of the
18 "reasonable rental value of the property" in the amount of $75.00 per day. Compl. ¶ 8.
19 Plaintiff alleges that such sum began accruing on July 29, 2010, when he served Defendants
20 with a notice to surrender possession. Id. ¶ 6. Thus, when the action was removed, seventy-
21 two days of rent had accrued. At a rental rate of $75.00 per day, the amount of accrued rent
22 was $5,400—well below the $75,000 jurisdictional minimum. Remand is therefore warranted.
23 See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (lack of specific facts demonstrating
24 that the amount in controversy at the time of removal met the jurisdictional minimum justified
25 remand). Accordingly,

26      IT IS HEREBY ORDERED THAT the instant action is REMANDED to San Mateo
27 County Superior Court. The Clerk shall terminate all pending matters and close the file.
28

1   IT IS SO ORDERED.

2   Dated: November 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OSCAR L. JAOJOCO,

        Plaintiff,

  v.

MARCO ROCHA et al,

        Defendant.
                                    /

Case Number: CV10-04560 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Candy Rocha
1259 Madera Avenue
Menlo Park, CA 94025

Marco Rocha
1259 Madera Avenue
Menlo Park, CA 94025

Dated: November 2, 2010

                                    Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk